IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GERALD HARRIS,

                                                             ORDER

              Plaintiff,

                                                           08-cv-718

      v.

MR. JOHN WILEY, Chancellor, UW-Madison;
MR. KYLE P. MUELLER, UW Staff, Rathskeller
Supervisor; and MR. JOSHUA J. BARNES, UW
Staff, Rathskeller Employee,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order entered in this case on December 17, 2008, United States Magistrate Judge Stephen Crocker directed the United States Marshal to make reasonable efforts to locate defendants Mueller and Barnes and, if his efforts were unsuccessful, to file an unexecuted return on which he described the efforts he made. Now the marshal has filed an unexecuted return for defendants Mueller and Barnes with the following explanation on each return of his efforts to locate these defendants:

      1/5/09 - Previous attempts to locate this subject were made by this writer on 5/23/08. Those efforts included an Internet search and U.W. query of employment and enrollment status - subject no longer a student or employee and there is no forwarding address from any of these sources available.

1

As noted in previous orders entered in this case, reasonable efforts require only that the marshal conduct an internet search for a defendant's home address and contact the defendant's employer or former employer (so long as that information is known), for any address the employer or former employer may be able to provide.  In this case, plaintiff did not provide home addresses for the defendants.  Instead, he alleged in his complaint that defendants Mueller and Barnes were students at the University of Wisconsin in Madison who had jobs at the Memorial Union.  Having searched the internet for a home address and having contacted defendants' former employer as well as the enrollment office for the University of Wisconsin, I conclude that the marshal has made reasonable efforts to locate defendants Mueller and Barnes.  Because those efforts have been unsuccessful, defendants Mueller and Barnes must be dismissed from this case without prejudice to plaintiff's filing his complaint against them at some future time if he locates them on his own.

With the dismissal of defendants Mueller and Barnes, I will lift the stay imposed previously on defendant Wiley's motion to dismiss.  As that motion has been fully briefed, I will decide it now.

The parties are aware that before Judge Callahan transferred this case from the Eastern District of Wisconsin to the Western District, he noted that defendant Wiley had moved to dismiss plaintiff's complaint as to him because there are no allegations in the

2

complaint suggesting that Wiley was personally involved in depriving plaintiff of his civil rights under 42 U.S.C. §§ 1981 and 1985. Although he discussed the subject briefly, he declined to make a definitive ruling on the motion, leaving it for this court to do so.

In his complaint, plaintiff alleges that he is an African American who, on February 5, 2005, was at the Memorial Union on the University of Wisconsin campus attempting to recover deposits on two empty pitchers of beer that someone had given to him for that purpose. He alleges that he was refused the deposits by two student employees of the Memorial Union, defendants Kyle Mueller and Joshua Barnes, who loudly berated plaintiff because of his race and humiliated and embarrassed him in public. The only reference to Wiley in plaintiff's complaint is at page 2, where plaintiff alleges that Wiley is employed as Chancellor at the University of Wisconsin-Madison.

As Judge Callahan suggested in his December 10, 2008 order, individual liability may be found under 42 U.S.C. § 1981 only where the individual defendant participated in the conduct giving rise to the action. Prince v. Zazove, 959 F.2d 1395, 1401 (7th Cir. 1992); Musikiwamba v. Essi, Inc., 760 F.2d 740 (7th Cir. 1985). Therefore, plaintiff fails to state a claim upon which relief may be granted under § 1981 against defendant Wiley.

In addition to allowing plaintiff to proceed on a claim under 42 U.S.C. § 1981, the Eastern District court speculated that plaintiff may have a possible claim under 42 U.S.C. § 1985(3), that the defendants conspired to deprive him of equal protection of the laws

because of his race. In the context of a § 1985 conspiracy, liability may be predicated upon personal participation in the conspiracy or upon neglect to prevent the unconstitutional conduct under 42 U.S.C. § 1986. The requisite affirmative link under § 1986 is that the person have "knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 . . . are about to be committed," possess the "power to prevent or aid in preventing" them, and that the "reasonable diligence" of that person could have prevented the commission of any of the wrongs conspired to be done. Bell v. City of Milwaukee, 746 F.2d 1205, 1255-1256 (7th Cir. 1984) rev'd on other grounds in Russ v. Watts, 414 F.3d 783 (7th Cir. 2005). A conspiracy by a government official cannot be inferred simply on the basis of an official's position. Id.

In this case, plaintiff argues that defendant Wiley "is suppose[d] to know what's going on at the University," but that assertion amounts to nothing more than an assertion that Wiley has been named as a defendant simply because he holds an official position at the University. Nowhere does plaintiff allege any facts from which an inference may be drawn that Wiley was a member of the alleged conspiracy to discriminate against him, that he knew that Mueller and Barnes might be conspiring to discriminate against plaintiff and that with reasonable diligence, he might have been able to prevent the incident of February 5, 2005 from occurring. Therefore, plaintiff fails to state a claim upon which relief may be granted against defendant Wiley under 42 U.S.C. § 1985(3).

ORDER

IT IS ORDERED that

1. Defendants Kyle P. Mueller and Joshua J. Barnes are DISMISSED from this case without prejudice because they cannot be located to be served with plaintiff's complaint.

2. The stay imposed previously on defendant Wiley's motion to dismiss is LIFTED.

3. Defendant John Wiley's motion to dismiss is GRANTED on the ground that plaintiff has failed to allege Wiley's personal involvement in a conspiracy to discriminate against him on the basis of his race.

4. The clerk of court is directed to close this case.

Entered this 22nd day of January, 2009.

BY THE COURT:

/s/

_____
LYNN ADELMAN
District Judge