IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GERALD HARRIS,

                Plaintiff,

        v.

MR. JOHN WILEY, Chancellor, UW-Madison;
MR. KYLE P. MUELLER, UW Staff, Rathskeller
Supervisor; and MR. JOSHUA J. BARNES, UW
Staff, Rathskeller Employee,

                Defendants.

ORDER

08-cv-718-lsa

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This case was filed originally in the United States District Court for the Eastern District of Wisconsin. In an order dated May 15, 2008, Judge Charles N. Clevert granted plaintiff's request to proceed in forma pauperis on claims under 42 U.S.C. §§ 1981 and 1985(3) against defendants John Wiley, Kyle Mueller and Joshua Barnes. In the same order, the court directed the United States Marshal to serve defendants with plaintiff's complaint. Defendant Wiley was served on June 3, 2008. However, before defendants Mueller and Barnes had been properly served, Magistrate Judge William Callahan entered an order transferring the case to this court under 28 U.S.C. § 1404(a) pursuant to plaintiff's request.

1

The United States Marshal was unable to serve defendants Mueller and Barnes, and in an order dated January 22, 2009, I dismissed Mueller and Barnes from the case.  Also in that order, I granted defendant Wiley's motion to dismiss the complaint as to him for plaintiff's failure to allege Wiley's personal involvement in depriving plaintiff of his civil rights. Judgment was entered January 23, 2009.  Now plaintiff has filed a notice of appeal from that judgment, as well as a motion for leave to proceed in forma pauperis on appeal.

Plaintiff's request for leave to proceed in forma pauperis on appeal will be denied, because I am certifying that his appeal is not taken in good faith.  No reasonable person could suppose that this appeal has some merit.  Walker v. O'Brien, 216 F.3d 626, 632 (7th Cir. 2000).  Defendants Mueller and Barnes cannot be located, and therefore this court cannot exercise personal jurisdiction over them.  Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999).  Further, there is no dispute that plaintiff cannot maintain his 42 U.S.C. §§ 1981 and 1985 claims against defendant Wiley because there are no allegations in the complaint suggesting that Wiley was personally involved in depriving plaintiff of his civil rights.

Because I am certifying plaintiff's appeal as not having been taken in good faith, he cannot proceed with his appeal without prepaying the $455 filing fee unless the court of appeals gives him permission to do so.  Pursuant to Fed. R. App. P. 24, plaintiff has 30 days from the date of this order in which to ask the court of appeals to review this court's denial

of leave to proceed in forma pauperis on appeal.  His motion must be accompanied by an affidavit as described in the first paragraph of Fed. R. App. P. 24(a) and a copy of this order. Plaintiff should be aware that if the court of appeals agrees with this court that the appeal is not taken in good faith, it will send him an order requiring him to pay all of the filing fee by a set deadline.  If plaintiff fails to pay the fee within the deadline set, the court of appeals ordinarily will dismiss the appeal and order this court to arrange for collection of the fee from plaintiff's prison account.

ORDER

IT IS ORDERED that petitioner's request for leave to proceed in forma pauperis on appeal is DENIED.  I certify that petitioner's appeal is not taken in good faith.  The clerk of court is directed to insure that petitioner's obligation to pay the $455 fee for filing his appeal is reflected in the court's financial record.

Entered this 6th day of February, 2009.

BY THE COURT:

/s/

_____
LYNN ADELMAN
District Judge

3